MATTHEW J. GAUGER, Bar No. 139785
GARY P. PROVENCHER, Bar No. 250923
ANTHONY J. TUCCI, Bar No. 288819
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
Telephone (916) 443-6600
Fax (916) 442-0244
E-Mail: mgauger@unioncounsel.net
          gprovencher@unioncounsel.net
          atucci@unioncounsel.net

Attorneys for Plaintiff CARPENTERS UNION, LOCAL 22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARPENTERS UNION, LOCAL 22,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, and MOHAMMED NURU IN HIS OFFICIAL CAPACITY AS DIRECTOR OF SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS,<br><br>            Defendants. | No. C 14-01615 RS<br>ORDER<br>**REQUEST FOR DISMISSAL PURSUANT TO SETTLEMENT AGREEMENT [F.R.C.P. RULE 41(A)]** |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

REQUEST FOR DISMISSAL PURSUANT TO SETTLEMENT AGREEMENT [F.R.C.P. RULE 41(A)]
Case No. C 14-01615 RS

Pursuant to the Settlement Agreement of the parties, the parties request that the Court dismiss the above-noted action with prejudice. Attached hereto as Exhibit A is a true and correct copy of the parties' Settlement Agreement.

Dated: ~~March~~ February 27, 2015

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
MATTHEW J. GAUGER
Attorneys for Plaintiff CARPENTERS UNION, LOCAL 22

Dated: ~~March~~ February 27, 2015

CITY AND COUNTY OF SAN FRANCISCO

By: _____
WAYNE SNODGRASS
Attorneys for Defendants

GOOD CAUSE HAVING BEEN SHOWN, this matter is hereby dismissed.

Dated: 3/3/15

_____
THE HONORABLE RICHARD SEEBORG
United States District Court

134458/800780

REQUEST FOR DISMISSAL PURSUANT TO SETTLEMENT AGREEMENT [F.R.C.P. RULE 41(A)]
Case No. C 14-01615 RS

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Settlement Agreement") is made and entered into by and between CARPENTERS LOCAL UNION 22 ("Local 22", Carpenters or "Plaintiff") and the CITY AND COUNTY OF SAN FRANCISCO ("San Francisco" or "Defendant"), (and all parties hereto are collectively referenced as the "Parties").

### RECITALS

WHEREAS, San Francisco Department of Public Works issued Notices of Violation Nos. 6781, 6795 and 7006 to Local 22 and the Carpenter Field Representatives alleging that various Carpenter protests violate Section 724 of the Public Works Code.

WHEREAS, the San Francisco Police Department issued Citation No. 015876000 to a Field Representative of Local 22 alleging a violation of Section 63(a) of the San Francisco Police Code; and

WHEREAS, Local 22 filed a lawsuit in the United States District Court, Northern District of California, Case No. C-14-01615-RS ("Action") alleging violation of the Carpenters' free speech rights; and

WHEREAS, on May 14, 2014, San Francisco issued DPW Order No. 182561 rescinding notices of violation No. 6781, 6795 and 7006; and

WHEREAS, on May 23, 2014, San Francisco, by and through the office of the City Attorney, wrote a letter to the San Francisco Superior Court requesting that the Court dismiss the infraction alleged against Mr. Simi in Citation No. 01587600; and

WHEREAS, on May 27, 2014, the San Francisco Superior Court dismissed the infraction alleged against Mr. Simi in Citation No. 01587600; and

WHEREAS, the Parties now desire to resolve and compromise their differences and to fully settle all issues arising out of the Citations and Action; and

*MG 7/2/14*

WHEREAS, the Parties agree to reduce their compromise to this Settlement Agreement, and to initiate and carry out all necessary actions and execute all necessary instruments to fully implement this settlement.

## AGREEMENT

In consideration of the mutual promises and performances hereinafter described, it is agreed as follows:

1. **RECITALS.** The recitals above are true and correct and made a part of this Settlement Agreement.

2. **THE ISSUES BEING COMPROMISED.** This Settlement Agreement compromises and defines all agreements between and among Carpenters Local 22 (hereinafter "Plaintiff" or "Local 22") and the City and County of San Francisco arising out of *Carpenters Union, Local 22 v. City and County of San Francisco, Mohammed Nuru, in his Official Capacity as Director of San Francisco Department of Public Works*, Case No. 14-01615 RS of the U.S. District Court for the Northern District of California.

3. **THE EXCHANGE OF CONSIDERATION.** The Parties agree that the following promises constitute the necessary consideration for the settlement being made herein:

    A. **Dismissal of Actions.** Local 22 will file a stipulated request for dismissal, with prejudice, of its Complaint within 10 (ten) days of San Francisco paying Local 22's attorneys' fees, as set forth below.

    B. **Release of Citations.** San Francisco has rescinded Notice of Violation Nos. 6781, 6795 and 7006 against Carpenters Local 22 and has secured the dismissal of Citation No. 015876000 against Adrian Simi (collectively "Citations"). The May 14, 2014 DPW Order No. 182561 rescinding the Notice of Violation Nos. 6781, 6795 and 7006 is attached as Exhibit A and incorporated herein by reference.

MA 7/2/14

C.  San Francisco agrees that it will not enforce provisions of its Public Works Code against Carpenters' Union, its representatives or members in any way which unlawfully prohibits or restricts the Carpenters from engaging in lawful speech activities. For purposes of this agreement, the term "speech" carries its usual constitutional and statutory meaning and includes, but is not limited to, leafleting, bannering, erecting temporary signs, placards or figures, street theater, and any other method of communicating the Carpenters' message to the public or fellow workers.

D.  In the event that either party to this agreement alleges that the terms of the agreement have been violated or the Department of Public Works seeks to issue a citation, or other action against the Carpenters or its representatives relating to speech, the parties agree to meet and discuss the matter prior to any citation being issued. The Carpenters will respond to the City's contact promptly and will make no attempts to evade the City to avoid a citation or other action. The contact persons shall be the Manager of the Bureau of Street Use and Mapping within the Department of Public Works or, if unavailable, his or her designee and the Senior Field Representative at Local 22. The Senior Field Representative may designate him or herself, any other Carpenter Field Representative or attorney. The parties will provide each other the name of the individual contact person, that person's work phone, mobile phone and email contact information. The provisions of Paragraph D will be implemented within ten (10) days of executing this Agreement and shall be operative for three (3) years from the date of execution of this Agreement, after which they shall cease to be operative unless the parties mutually agree otherwise in writing.

E.  Within ten (10) days of executing this Settlement Agreement, San Francisco will provide a copy of the Settlement Agreement to the Chief of Police for the Chief's use to train police officers at the Chief's discretion. Within ten (10) days of executing this Settlement Agreement, San Francisco will provide a copy of this document to every manager in the Department of Public Works and every individual employee of the Department of Public Works, regardless of rank, who has the authority to issue citations.

*[handwritten: M G 7/2/14]*

F.      **Attorney Fees and Costs.** The San Francisco will pay $60,000.00 in attorneys' fees and costs to Plaintiff's counsel, Weinberg, Roger & Rosenfeld, within ninety (90) days of executing this Settlement Agreement. The parties agree that this reflects a reasonable number of hours at the appropriate lodestar rate.

G.      **Plaintiff's Release of San Francisco.** Plaintiff, which shall include anyone claiming by, through or under Plaintiff, including Adrian Simi, Emilio Hipolito and James Talus (collectively "Plaintiffs' Field Representatives"), hereby agrees to fully and forever release and discharge San Francisco, together with its elective and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, and officers, from any and all claims, actions, causes of action, liabilities, damages, demands, attorneys' fees, expenses and costs (including, without limitation, court costs) of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which have existed or may have existed, or which do exist, or which hereafter shall or may exist, and which (1) are alleged or set forth or attempted to be set forth in the pleadings on file in that certain action entitled *"Carpenters Union, Local 22 v. City and County of San Francisco, Mohammed Nuru, in his Official Capacity as Director of San Francisco Department of Public Works"* being Case No. 14-01615 RS of the U.S. District Court for the Northern District of California or whatever (hereinafter the "Action"), or (2) arise out of or are in any way related to any of the transactions, occurrences, acts or omissions set forth or alleged in any of the pleadings in the Action (hereinafter referred to collectively as the "Claims").

Plaintiff represents and warrants that it has not assigned or transferred, or agreed to assign or transfer or attempted to assign or transfer to any third party or entity (including, without limitation, any insurer) any interest in any of the Claims. Plaintiff agrees to defend, indemnify and hold harmless San Francisco against any loss, expense or liability, including without limitation, reasonable attorneys' fees arising from any breach of the foregoing. Furthermore, in the event that San Francisco learns that Plaintiff breached this warranty, San Francisco may, as its sole option, elect to

MG 7/2/14

rescind this Full and Final Release, in which case Plaintiff shall immediately remit to San Francisco any attorneys' fees paid pursuant to this Settlement Agreement, plus interest accruing thereon at a rate of ten (10) percent per year, compounded monthly, from the date of payment thereof.

Plaintiff and its Field Representatives agree to defend, indemnify and hold harmless San Francisco against any and all claims by any person or entity purporting to hold any lien, interest, or other claim, whether for medical care, unemployment, and/or disability compensation, attorneys' fees, or otherwise, involving Plaintiff and arising in connection with any of the Claims.

Plaintiff certifies that it has read Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiff hereby waives application of Section 1542 of the Civil Code. Plaintiff understands and acknowledges that, as a consequence of this waiver of Section 1542, even if Plaintiff should eventually suffer additional or further loss, damages or injury arising out of or in any way related to any of the events which gave rise to the Claims, or any of them, Plaintiff will not be permitted to make any further claims against San Francisco to recover for such loss, damages or injury. Plaintiff acknowledges that it intends these consequences even as to claims that may exist as of the date of this Full and Final Release but which Plaintiff does not know exist, and which, if known, would materially affect Plaintiff's decision to execute this Full and Final Release, regardless of whether Plaintiff's lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.

Plaintiff acknowledges that, in executing this Full and Final Release, it is acting on its own, independent judgment informed by its legal counsel. Plaintiff acknowledges having read this Full and Final Release and having been advised by its attorney as to its meaning and effect. Plaintiff acknowledges and warrants that its execution of this Full and Final Release is free and voluntary.

UG 7/2/14

Plaintiff acknowledges that this Full and Final Release contains and constitutes the entire agreement between Plaintiff and San Francisco with respect to the Claims. The terms of this Full and Final Release are contractual and are not a mere recital. Plaintiff acknowledges that San Francisco has made no representations, express or implied, to induce Plaintiff to enter into this Full and Final Release, other than as expressly set forth herein.

No aspect of this Full and Final Release or the Settlement Agreement which led to it, is intended to be nor at any time shall be construed, deemed, or treated in any respect as an admission by San Francisco of liability for any purpose. It is expressly understood by Plaintiff that this Full and Final Release does not constitute an admission of the truth or accuracy of any of the allegations made in the Complaint or filed in the Action or of liability for any of the Claims, and that San Francisco expressly denies the allegations made in the Complaint, as more fully set forth in the answer or other responsive pleadings on file in this action.

If any of the provisions of this Full and Final Release or the application thereof is held to be invalid, its invalidity shall not affect any other provision or application of this Full and Final Release to the extent that such other provision or application can be given effect without the invalid provision or application, and to this end, the provisions of this Full and Final Release are declared and understood to be severable.

This Full and Final Release and the settlement which led to it have been fully negotiated with the assistance of counsel and should not be construed more strictly against one party than another.

Plaintiffs' Initials:  _____  _____  _____  _____
                          Local 22        Adrian          Emilio          James
                                          Simi            Hipolito        Talus

H.  **San Francisco's Release of Plaintiffs.** San Francisco, on behalf of itself, its successors, assigns, and representatives, as the case may be, hereby releases, remises and forever discharges the Plaintiff and its Field Representatives, their predecessors, successors, assigns, heirs, executors, administrators, personal representatives, members, officers, directors, employees,

Plaintiff acknowledges that this Full and Final Release contains and constitutes the entire agreement between Plaintiff and San Francisco with respect to the Claims. The terms of this Full and Final Release are contractual and are not a mere recital. Plaintiff acknowledges that San Francisco has made no representations, express or implied, to induce Plaintiff to enter into this Full and Final Release, other than as expressly set forth herein.

No aspect of this Full and Final Release or the Settlement Agreement which led to it, is intended to be nor at any time shall be construed, deemed, or treated in any respect as an admission by San Francisco of liability for any purpose. It is expressly understood by Plaintiff that this Full and Final Release does not constitute an admission of the truth or accuracy of any of the allegations made in the Complaint or filed in the Action or of liability for any of the Claims, and that San Francisco expressly denies the allegations made in the Complaint, as more fully set forth in the answer or other responsive pleadings on file in this action.

If any of the provisions of this Full and Final Release or the application thereof is held to be invalid, its invalidity shall not affect any other provision or application of this Full and Final Release to the extent that such other provision or application can be given effect without the invalid provision or application, and to this end, the provisions of this Full and Final Release are declared and understood to be severable.

This Full and Final Release and the settlement which led to it have been fully negotiated with the assistance of counsel and should not be construed more strictly against one party than another.

Plaintiffs' Initials:

| Local 22 | Adrian Simi | Emilio Hipolito | James Talus |
|---|---|---|---|
|  |  | _[initialed]_ |  |

H.  **San Francisco's Release of Plaintiffs.** San Francisco, on behalf of itself, its successors, assigns, and representatives, as the case may be, hereby releases, remises and forever discharges the Plaintiff and its Field Representatives, their predecessors, successors, assigns, heirs, executors, administrators, personal representatives, members, officers, directors, employees,

_[initials] 7/2/14_

shareholders, agents, attorneys, and accountants, as the case may be, and every other person, firm, corporation and legal entity of Plaintiffs (the "Released Plaintiffs"), of and from the claims set forth in the Citations.

4. **SURVIVAL OF RELEASES**. The above Release provisions herein shall survive the termination of this Settlement Agreement.

5. **NO ADMISSION.** Nothing contained in this Settlement Agreement shall be interpreted or constructed to be an admission on the part of, nor to the prejudice of any person or Party named herein, and each such Party or person hereto expressly denies any and all liabilities associated with or related to the claims described above.

6. **FINAL SETTLEMENT.** This Settlement Agreement and the documents referred to herein constitute the entire, final and binding understanding between the Parties hereto; and the Parties agree that no other statement of representation, written or oral, express or implied, has been received or relied upon in this settlement, and that all prior discussions, statements, and negotiations made or which have occurred prior to the date of the Settlement Agreement shall be deemed merged into this Settlement Agreement and the documents referred to herein, and shall not be used for any other purpose whatsoever. The Parties further intend that this Settlement Agreement constitutes the complete and exclusive statement of its terms, and that no extrinsic evidence whatsoever may be introduced to vary its terms in any judicial proceeding involving this Settlement Agreement.

7. **VOLUNTARY SETTLEMENT**. Each Party enters into this Settlement Agreement and the documents referred to herein, knowingly and voluntarily, in the total absence of any fraud, mistake, duress, coercion, or undue influence and after careful thought and reflection upon this Settlement Agreement and the documents referred to herein. Accordingly, by signing this Settlement Agreement and the documents referred to herein, each Party signifies full understanding, agreement and acceptance.

*MC 7/2/14*

8. **BINDING EFFECT**. This Settlement Agreement shall inure to the benefit of and be binding upon each Party hereto, its predecessors, successors in interest, subsidiaries, affiliates, representatives, assigns, agents, partners, members, officers, directors, employees and personal representatives, as applicable and as to the past, present and future. The Parties specifically agree that this Settlement Agreement and the compromises reflected herein are premised on factors which are applicable only to the Parties and circumstances stated herein, and this Settlement Agreement is not made for the benefit of or intended to apply to any other person, public entity or circumstance not specifically enumerated herein.

9. **AMBIGUITIES OR UNCERTAINTIES**. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this Settlement Agreement, on the express understanding and agreement that the Parties participated equally in the negotiation and preparation of the Settlement Agreement, or have had equal opportunity to do so. Accordingly, the Parties hereby waive the benefit of California Civil Code §1654 and any successor or amended statute, providing that in cases of uncertainty, language of a contract should be interpreted most strongly against the Party who caused the uncertainty to exist.

10. **FURTHER ACTIONS**. To the extent any further or additional things or acts are required to be done or taken by any of the Parties hereto to effectuate this Settlement Agreement, each Party binds itself or himself to do such things and take such acts, including those to be done or taken through the exercise of executive or administrative authority, to fully carry out the purposes and intent of this Settlement Agreement. Furthermore, to the extent further documents or instruments are required to be executed by any of the Parties to effectuate the Settlement Agreement each Party hereto agrees to expeditiously execute and deliver such other and further documents as may be required to carry out the terms of this Settlement Agreement.

11. **REPRESENTATION**. Each Party represents and acknowledges that it has been represented by counsel with respect to this Settlement Agreement and all matters covered by or related

*MG 7/2/14*

to herein. Each Party has been fully advised with respect to all rights which are affected by this Settlement Agreement, and each Party has authorized and directed its attorneys to execute and deliver such other and further documents or instruments as may be required to carry out the terms of this Settlement Agreement.

12. **WAIVER, MODIFICATION AND AMENDMENT**. No breach of this Settlement Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Settlement Agreement. The Settlement Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

13. **ENFORCEMENT**. This Settlement Agreement may be enforced by any of the Parties hereto for the failure of any other Party to comply with its terms and to seek any remedy available under law or equity, including specific performance or injunction, and specifically, without limitation, that a court may order a Party to execute and deliver a document required by or necessary to effectuate the terms and intent of this Settlement Agreement.

14. **LEGAL AUTHORITY**. Each Party warrants to the other Parties that it has the power and authority to enter into this Settlement Agreement on behalf of itself, its related parties, its predecessor(s) in interest, and any successors in interest. Each Party warrants to the other Parties that each has the legal authority to enter into and be legally bound by this Settlement Agreement, that each has exercised its discretion in connection with its Constitutional and statutory responsibilities, and that each determined that this Settlement Agreement is a lawful and valid act and is undertaken in accordance with all applicable law and court cases.

15. **CALIFORNIA LAW**. This Settlement Agreement, and the documents referred to herein, shall be governed by and construed and interpreted in accordance with, the laws of the State of

*MG 2/2/14*

California. Any litigation concerning alleged noncompliance with this Settlement Agreement shall be venued in the appropriate court.

16. **CONSTRUCTION.** In the language of this document and the documents referred to herein, the singular and plural numbers, and the masculine, feminine and neuter genders shall each be deemed to include all others, and the word "person" shall be deemed to include corporations and every other entity, as context may require. Section, paragraph and other captions or headings contained in this Settlement Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend or otherwise describe the scope or intent of the Settlement Agreement or any provision hereof and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

17. **SEVERABILITY.** In the event that any provision of this Settlement Agreement should be held to be void, voidable or unenforceable, the remaining portions hereof shall remain in full force and effect.

18. **COUNTERPARTS.** This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

19. **EFFECTIVE DATE.** This Settlement Agreement shall be effective and binding upon all the Parties upon execution by all the Parties hereto.

IN WITNESS WHEREOF, the Parties below named have executed this Settlement Agreement as of the date and year last below written.

**CARPENTERS UNION, LOCAL UNION 22**

Dated: June 30, 2014    By: _____
                          Todd Williams
                          Carpenters Local 22 Senior Field Representative

Dated: June 30, 2014    By: _____
                          Adrian Simi
                          Carpenter Field Representative

MG
7/2/14

Dated: June ___, 2014           By: _____
                                    Emilio Hipolito
                                    Carpenter Field Representative

Dated: June 30, 2014            By: _____
                                    James Talus
                                    Carpenter Field Representative

                                **CITY AND COUNTY OF SAN FRANCISCO**

Dated: June ___, 2014           San Francisco and County of San Francisco


                                By:_____
                                    Dennis J. Herrera
                                    City Attorney

APPROVED AS TO LEGAL FORM:

Dated: June ___, 2014           Weinberg, Roger & Rosenfeld


                                By:_____
                                    Matthew J. Gauger,
                                    Gary P. Provencher
                                    Attorneys for Plaintiff

Dated: June ___, 2014           San Francisco Attorney's Officce


                                By:_____
                                    Wayne Snodgrass
                                    Supervising Deputy San Francisco City Attorney

                                By:_____
                                    Yvonne R. Meré
                                    Deputy San Francisco City Attorney


Exhibit A: DPW Order No. 182561

Dated: June 30, 2014

By: _____
Emilio Hipolito
Carpenter Field Representative

Dated: June ___, 2014

By: _____
James Talus
Carpenter Field Representative

Dated: ~~June~~ Dec. 10, 2014

**CITY AND COUNTY OF SAN FRANCISCO**

San Francisco and County of San Francisco

By: _____
Dennis J. Herrera
City Attorney

APPROVED AS TO LEGAL FORM:

Dated: ~~June ___, 2014~~ July 2, 2014

Weinberg, Roger & Rosenfeld

By: _____
Matthew J. Gauger,
Gary P. Provencher
Attorneys for Plaintiff

Dated: ~~June~~ December 10, 2014

San Francisco Attorney's Office

By: _____
Wayne Snodgrass
Supervising Deputy San Francisco City Attorney

By: _____
Yvonne R. Meré
Deputy San Francisco City Attorney

Exhibit A: DPW Order No. 182561

MG
7/2/14

**City and County of San Francisco**

**Edwin M. Lee, Mayor**
**Mohammed Nuru, Director**

**San Francisco Department of Public Works**
Office of the Deputy Director & City Engineer, Fuad Sweiss
Bureau of Street-Use & Mapping
1155 Market Street, 3rd Floor
San Francisco Ca 94103
(415) 554-5810  www.sfdpw.org

**Jerry Sanguinetti, Bureau Manager**

## DPW Order No: 182561

**RESCINDING NOTICES OF VIOLATION NOS. 6781, 6795 AND 7006 AND ANY ASSOCIATED FINES ISSUED TO UNITED BROTHERHOOD OF CARPENTERS LOCAL 22 ("Union") FOR OCCUPYING THE SIDEWALKS AND OBSTRUCTING PEDESTRIAN PATH OF TRAVEL AT 239, 231 AND 253 POST STREET, RESPECTIVELY, WITHOUT A TEMPORARY OCCUPANCY PERMIT FROM DEPARTMENT OF PUBLIC WORKS ("DPW").**

DPW has received and reviewed various letters from the Carpenter's Union Local 22, including one dated February 12, 2014 and participated in a meeting with Union representatives. DPW has concluded that it erred in applying Public Works Code Section 724 to the Union's activities. DPW's intent was to properly protect public safety and pedestrian movement, including avoiding any obstruction to the pedestrian path of travel at the subject locations. Based on DPW's standards a minimum six-foot path of travel must be maintained at all times for pedestrians.

During the above-mentioned meeting Local 22 agreed to conduct its protests, including displaying banners, props, and placing any individuals distributing leaflets, in a manner that does not obstruct pedestrian paths of travel.

Thus, given the misapplication of Public Works Code Section 724, and Local 22's good faith efforts and agreements to not obstruct the pedestrian path of travel along Post Street, Notices of Violation No. 6781, 6795, and 7006, issued February 12, April 28, and February 25, 2014, respectively, and any associated fines and penalties are hereby cancelled and rescinded effective immediately.



San Francisco Department of Public Works
Making San Francisco a beautiful, livable, vibrant, and sustainable city.

MG
7/2/14

5/13/2014

X _____
Sanguinetti, Jerry
Bureau Manager

5/13/2014

X _____
Sweiss, Fuad
Deputy Director and City Engineer

5/13/2014

X Mohammed Nuru
Nuru, Mohammed
Director, DPW



San Francisco Department of Public Works
Making San Francisco a beautiful, livable, vibrant, and sustainable city.

MG
7/2/14